**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| RADIANT PATENTS LLC,<br><br>Plaintiff,<br>v.<br><br>NOKIA CORPORATION AND NOKIA OF AMERICA CORPORATION,<br><br>Defendants. | Civil Action No. 2:26-cv-00074-RWS-RSP<br><br>**JURY TRIAL DEMANDED** |

**NOKIA'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Nokia Corporation and Nokia of America Corp. ("NoAC") (collectively, "Defendants" or "Nokia") file this Amended Answer to the Amended Complaint filed by Radiant Patents LLC ("Plaintiff" or "Radiant") (Dkt. 16) (the "Complaint"). Nokia Answers and avers as follows, with the numbered paragraphs corresponding to the like-numbered paragraphs of Plaintiff's Complaint. Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Nokia denies each and every allegation, matter, or thing contained in the Complaint. Nokia specifically denies that Plaintiff is entitled to any relief whatsoever from Nokia.

The first paragraph of the Complaint is an introductory, non-numbered paragraph that does not require a response from Nokia.

**NATURE OF THE ACTION**[1]

The second paragraph of the Complaint is an introductory, non-numbered paragraph that does not require a response from Nokia. To the extent a response is required, Nokia answers as

[1] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Nokia denies those allegations.

follows: Nokia admits that the Complaint purports to bring a claim for patent infringement arising under the laws of the United States, but denies that Nokia has infringed any of the Asserted Patents. Nokia further denies that Radiant is entitled to any relief whatsoever. Except as expressly admitted, Nokia denies any remaining allegations of the second paragraph.

**THE PARTIES**

1. Nokia lacks knowledge or information sufficient to admit or deny the allegations in paragraph 1 and therefore denies them.

2. Nokia admits that Nokia Corporation is a company organized under the laws of Finland with a principal place of business at Karakaari 7, 02610, Espoo, Finland

3. Nokia admits that NoAC is a Delaware corporation with a place of business located at 3201 Olympus Boulevard, Dallas, Texas 75019.

4. Nokia admits that NoAC sells, offers to sell, uses, and/or provides products and services throughout the United States, including in the Eastern District of Texas. Nokia admits that NoAC conducts business in the Eastern District of Texas and has a distribution center at 2525 South Highway 121, Lewisville, Texas 75056. To the extent the allegations of paragraph 4 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 4.

5. Nokia admits that there is a NoAC facility in Plano, Texas that has been used as a training center. Nokia admits that NoAC has a data center in Plano, Texas. To the extent the allegations of paragraph 5 purport to characterize the contents of certain documents, the document speaks for itself. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 5.

**JURISDICTION AND VENUE**

6. Nokia admits this is an action for patent infringement arising under the patent laws

of the United States, 35 U.S.C. §§ 271, et seq. Nokia does not dispute that this Court has subject-matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) but denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 6.

7. Nokia does not dispute that this Court has personal jurisdiction over NoAC for purposes of this particular action only but denies that Nokia has committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States. Nokia admits that NoAC is registered to do business in the State of Texas and has offices and facilities in the State of Texas, including a distribution center located at 2525 South Highway 121, Lewisville, Texas 75056, and a facility and data center in Plano, Texas. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 7.

8. Nokia does not dispute that venue in this district is proper with respect to NoAC under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) for purposes of this particular action only, but denies that Nokia has committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States. Nokia admits that NoAC is registered to do business in the State of Texas, has offices in the State of Texas, and has transacted business in this district, but denies that NoAC has committed any acts that infringe any claim of the Asserted Patents in this judicial district or any other district in the United States. Nokia admits that NoAC has a distribution center located at 2525 South Highway 121, Lewisville, Texas 75056, and a facility and data center in Plano, Texas. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 8.

9. Nokia does not dispute that venue is proper as to Nokia Corp. under 28 U.S.C. § 1391(c)(3) for purposes of this particular action only. Except as expressly admitted, Nokia denies

any remaining allegations of paragraph 9.

## BACKGROUND

10. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 10 and therefore denies them.

## OPTICAL DATA TRANSMISSION

11. Nokia admits that fiber optic communication networks exist and are used to transmit data using optical signals over fiber optic cables. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 11.

12. Nokia admits that certain data transmission techniques exist and are used in fiber optic communication systems, including wavelength division multiplexing ("WDM"), flex-grid, optical signal modulation schemes, and optical channel monitoring. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Nokia admits that certain data transmission techniques can be used to increase the data transmission rate. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 12.

13. Nokia admits that wavelength division multiplexing is a technique in which multiple optical signals at different wavelengths may be transmitted over a single optical fiber and that multiplexers and demultiplexers are used to combine and separate such optical signals. Nokia admits that a reconfigurable optical add-drop multiplexer ("ROADM") is a form of optical add-drop multiplexer that can be used in wavelength division multiplexing. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 13.

14. Nokia admits that different optical signals in a wavelength division multiplexed signal may occupy different portions of the optical frequency spectrum. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Except as expressly

admitted, Nokia denies any remaining allegations of paragraph 14.

15. Nokia admits that flex-grid and fixed-grid techniques have been described in connection with wavelength division multiplexing. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 15.

16. Nokia admits that flex-grid has been described in connection with certain wavelength division multiplexing systems. To the extent the allegations of paragraph 16 purport to characterize the contents of certain documents, the documents speak for themselves. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 16.

17. Nokia admits that optical signal modulation schemes, including 32QAM, exist and have been described in connection with optical communication systems. Nokia admits that certain modulation schemes may alter the amplitude and/or phase of the optical signal. Nokia admits that certain modulation schemes may increase the transmission capacity. Nokia admits that certain modulation schemes may have different error rates. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 17.

18. Nokia admits that optical channel monitoring may be used in wavelength division multiplexing systems. Nokia specifically denies that Plaintiff or its predecessors-in-interest invented any of those concepts. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 18.

19. Nokia admits that the Asserted Patents, purportedly attached to the Complaint as Exhibits A–E, purport to relate generally to optical communication technologies. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 19.

**THE PATENTS-IN-SUIT**

20. Nokia admits that the information on the face of the ’188 Patent, purportedly attached to the Complaint as Exhibit A, states that it issued on February 16, 2021, and that it is titled OPTICAL TRANSMITTER, OPTICAL COMMUNICATION SYSTEM, AND OPTICAL COMMUNICATION METHOD. Nokia denies the ’188 Patent is valid and enforceable. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 20.

21. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 21 and therefore denies them.

22. Denied.

23. Nokia admits that the information on the face of the ’188 Patent, purportedly attached to the Complaint as Exhibit A, lists Junichi Abe and Tatsuya Nakamura as the inventors and NEC Corporation as the assignee. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 23.

24. Nokia admits that the information on the face of the ’789 Patent, purportedly attached to the Complaint as Exhibit B, states that it issued on July 23, 2019, and that it is titled OPTICAL TRANSMITTER, OPTICAL COMMUNICATION SYSTEM, AND OPTICAL COMMUNICATION METHOD. Nokia denies the ’789 Patent is valid and enforceable. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 24.

25. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 25 and therefore denies them.

26. Denied.

27. Nokia admits that the information on the face of the ’789 Patent, purportedly attached to the Complaint as Exhibit B, lists Junichi Abe and Tatsuya Nakamura as the inventors and NEC Corporation as the assignee. Except as expressly admitted, Nokia denies any remaining

allegations of paragraph 27.

28. Nokia admits that the information on the face of the ’366 Patent, purportedly attached to the Complaint as Exhibit C, states that it issued on September 3, 2019, and that it is titled OPTICAL SIGNAL MONITOR, OPTICAL WAVELENGTH MULTIPLEXING TRANSMITTER, AND METHOD FOR MONITORING OPTICAL SIGNAL. Nokia denies the ’366 Patent is valid and enforceable. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 28.

29. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 29 and therefore denies them.

30. Denied.

31. Nokia admits that the information on the face of the ’366 Patent, purportedly attached to the Complaint as Exhibit C, lists Yoshirou Satou as the inventor and NEC Corporation as the assignee. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 31.

32. Nokia admits that the information on the face of the ’431 Patent, purportedly attached to the Complaint as Exhibit D, states that it issued on August 30, 2022, and that it is titled ADD/DROP MULTIPLEXER, NETWORK SYSTEM, TRANSMISSION METHOD, NON-TRANSITORY COMPUTER READABLE MEDIUM, AND MANAGEMENT DEVICE. Nokia denies the ’431 Patent is valid and enforceable. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 32.

33. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 33 and therefore denies them.

34. Denied.

35. Nokia admits that the information on the face of the ’431 Patent, purportedly attached to the Complaint as Exhibit D, lists Yurie Matsuyama as the inventor and NEC Corporation as the assignee. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 35.

36. Nokia admits that the information on the face of the ’095 Patent, purportedly attached to the Complaint as Exhibit E, states that it issued on April 14, 2020, and that it is titled SIGNAL DETECTION DEVICE AND SIGNAL DETECTION METHOD. Nokia denies the ’095 Patent is valid and enforceable. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 36.

37. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 37 and therefore denies them.

38. Denied.

39. Nokia admits that the information on the face of the ’095 Patent, purportedly attached to the Complaint as Exhibit E, lists Yoshirou Satou as the inventor and NEC Corporation as the assignee. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 39.

40. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 40 and therefore denies them.

41. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 41 and therefore denies them.

42. Nokia lacks knowledge or information sufficient to admit or deny the allegations of paragraph 42 and therefore denies them.

43. Nokia lacks knowledge or information sufficient to admit or deny the allegation

that Radiant complied with the requirements of 35 U.S.C. § 287 and therefore denies them. Nokia denies that Radiant is entitled to any damages, including pre-suit damages. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 43.

44. For each Count listed below, Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

**COUNT I**

([Alleged] Infringement of U.S. Patent No. 10,924,188)

45. Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

46. Denied.

47. Denied.

48. Denied.

49. Nokia admits that a 16-QAM modulation scheme is commonly represented using a constellation map comprising 16 constellation points, where each point corresponds to a symbol that represents 4 bits. Nokia admits that paragraph 49 includes an excerpt of Figure 11 of the ’188 Patent, purportedly attached to the Complaint as Exhibit A. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 49.

50. Nokia admits that the ’188 Patent, purportedly attached to the Complaint as Exhibit A, references “set-partitioning.” Nokia admits that paragraph 50 includes excerpts of Figures 3A and 3B of the ’188 patent. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 50.

51. Denied.

52. Denied.

53. Nokia admits that paragraph 53 purports to reproduce claim 1 of the ’188 Patent,

purportedly attached to the Complaint as Exhibit A, but denies that the reproduction is accurate. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 53.

54. Nokia admits that paragraph 54 includes excerpts from: https://www.nokia.com/asset/200471/ and https://www.nokia.com/asset/213394/ and https://www.nokia.com/optical-networks/1830-photonic-service-switch/ and https://www.nokia.com/asset/213394/ and https://www.youtube.com/watch?v=VoT-mXMz4Hg and https://www.nokia.com/optical-networks/pse-6s/ and https://www.nokia.com/asset/213067/ and https://www.youtube.com/watch?v=VoT-mXMz4Hg. To the extent the allegations of paragraph 54 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 54 and therefore denies them.

55. Nokia admits that paragraph 55 includes an excerpt from: https://www.nokia.com/optical-networks/pse-6s/. To the extent the allegations of paragraph 55 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 55 and therefore denies them.

56. Nokia admits that paragraph 56 includes excerpts from: https://www.nokia.com/asset/213067/ and https://www.nokia.com/newsroom/nokia-pushes-optical-network-capacity-to-theoretical-limits-withphotonic-service-engine-3-chipset-massive-scale-and-radical-simplicity-for-video-cloud-and-5g-growth/ and https://www.nokia.com/asset/207220/ and https://cignal.ai/wp-content/uploads/2018/03/Cignal-AI-Nokia-PSE3-Coherent-Technology-v2.pdf and https://www.scribd.com/document/767487697/PSE-3-Taking-Light-to-the-Limit. To the extent

the allegations of paragraph 56 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 56 and therefore denies them.

57. Nokia admits that paragraph 57 includes excerpts from: https://www.nokia.com/asset/213067/ and https://www.scribd.com/document/510416000/Nokia-PSE-V-technical-White-Paper-EN and https://onestore.nokia.com/asset/201772 and https://www.nokia.com/asset/i/207220/. To the extent the allegations of paragraph 57 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 57 and therefore denies them.

58. Nokia admits that paragraph 58 includes an excerpt from: https://www.nokia.com/optical-networks/pse-6s/. To the extent the allegations of paragraph 58 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 58 and therefore denies them.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT II

([Alleged] Infringement of U.S. Patent No. 10,361,789)

64. Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

65. Denied.

66. Denied.

67. Denied.

68. Nokia admits that a 16-QAM modulation scheme is commonly represented using a constellation map comprising 16 constellation points, where each point corresponds to a symbol that represents 4 bits. Nokia admits that paragraph 68 includes an excerpt of Figure 11 of the '789 Patent, purportedly attached to the Complaint as Exhibit B. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 68.

69. Nokia admits that the '789 Patent, purportedly attached to the Complaint as Exhibit B, references "set-partitioning." Nokia admits that paragraph 69 includes excerpts of Figures 3A and 3B of the '789 patent. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 69.

70. Denied.

71. Denied.

72. Nokia admits that paragraph 72 purports to reproduce claim 1 of the '789 Patent, purportedly attached to the Complaint as Exhibit B. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 72.

73. Nokia admits that paragraph 73 includes excerpts from: https://www.nokia.com/asset/200471/ and https://www.nokia.com/asset/213394/ and https://www.nokia.com/optical-networks/1830-photonic-service-switch/ and https://www.nokia.com/asset/213394/ and https://www.youtube.com/watch?v=VoT-mXMz4Hg and https://www.nokia.com/optical-networks/pse-6s/ and https://www.nokia.com/asset/213067/ and https://www.youtube.com/watch?v=VoT-mXMz4Hg. To the extent the allegations of

paragraph 73 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 73 and therefore denies them.

74. Nokia admits that paragraph 74 includes an excerpt from: https://www.nokia.com/optical-networks/pse-6s/. To the extent the allegations of paragraph 74 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 74 and therefore denies them.

75. Nokia admits that paragraph 75 includes excerpts from: https://www.nokia.com/asset/213067 and https://www.nokia.com/newsroom/nokia-pushes-optical-network-capacity-to-theoretical-limits-withphotonic-service-engine-3-chipset-massive-scale-and-radical-simplicity-for-video-cloud-and-5g-growth/ and https://www.nokia.com/asset/207220/ and https://cignal.ai/wp-content/uploads/2018/03/Cignal-AI-Nokia-PSE3-Coherent-Technology-v2.pdf and https://www.scribd.com/document/767487697/PSE-3-Taking-Light-to-the-Limit. To the extent the allegations of paragraph 75 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 75 and therefore denies them.

76. Nokia admits that paragraph 76 includes excerpts from: https://www.nokia.com/asset/213067/ and https://www.scribd.com/document/510416000/Nokia-PSE-V-technical-White-Paper-EN and https://onestore.nokia.com/asset/201772 and https://www.nokia.com/asset/i/207220/. To the extent the allegations of paragraph 76 purport to characterize the contents of certain documents, including websites, the document speaks for itself.

Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 76 and therefore denies them.

77. Nokia admits that paragraph 77 includes an excerpt from: https://www.nokia.com/optical-networks/pse-6s/. To the extent the allegations of paragraph 77 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 77 and therefore denies them.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

**COUNT III**

([Alleged] Infringement of U.S. Patent No. 10,404,366)

83. Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

84. Denied.

85. Nokia admits that the ’366 Patent, purportedly attached to the Complaint as Exhibit C, describes the use of dummy light and amplified spontaneous emission (“ASE”) light, in connection with wavelength division multiplexing. Nokia admits that paragraph 85 includes an excerpt from: https://www.nokia.com/blog/ase-noise-loading-for-terrestrial-wdm-applications/. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 85.

86. Denied.

87. Denied.

88. Nokia admits that paragraph 88 purports to reproduce claim 1 of the ’366 Patent, purportedly attached to the Complaint as Exhibit C. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 88.

89. Nokia admits that paragraph 89 includes excerpts from: https://www.nokia.com/optical-networks/1830-flexible-intelligent-line-system/. To the extent the allegations of paragraph 89 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 89 and therefore denies them.

90. Nokia admits that paragraph 90 includes excerpts from: https://www.nokia.com/optical-networks/1830-flexible-intelligent-line-system/ and https://www.scribd.com/document/824679915/Infinera-C-Plus-L-Solution-0345-an-RevA-0623. To the extent the allegations of paragraph 90 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 90 and therefore denies them.

91. Nokia admits that paragraph 91 includes excerpts from: https://www.scribd.com/document/824679915/Infinera-C-Plus-L-Solution-0345-an-RevA-0623. To the extent the allegations of paragraph 91 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 91 and therefore denies them.

92. Nokia admits that paragraph 92 includes excerpts from: https://www.nokia.com/blog/ase-noise-loading-for-terrestrial-wdm-applications/ and

https://www.scribd.com/document/824679915/Infinera-C-Plus-L-Solution-0345-an-RevA-0623 and https://opticaorgdev.blob.core.windows.net/media/optica/media/osa.media/meetings/archives/2019/2019_subsea.pdf. To the extent the allegations of paragraph 92 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 92 and therefore denies them.

93. Nokia admits that paragraph 93 includes excerpts from: https://www.scribd.com/document/824679915/Infinera-C-Plus-L-Solution-0345-an-RevA-0623 and https://opticaorgdev.blob.core.windows.net/media/optica/media/osa.media/meetings/archives/2019/2019_subsea.pdf. To the extent the allegations of paragraph 93 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 93 and therefore denies them.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

## COUNT IV

([Alleged] Infringement of U.S. Patent No. 11,431,431)

99. Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

100. Denied.

101. Denied.

102. Denied.

103. Nokia admits that paragraph 103 purports to reproduce claim 1 of the '431 Patent, purportedly attached to the Complaint as Exhibit D, but denies that the reproduction is accurate. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 103.

104. Nokia admits that paragraph 104 includes excerpts from: https://www.nokia.com/asset/213394/ and https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-DataSheet.pdf. To the extent the allegations of paragraph 104 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 104 and therefore denies them.

105. Nokia admits that paragraph 105 includes excerpts from: https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-DataSheet.pdf. To the extent the allegations of paragraph 105 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 105 and therefore denies them.

106. To the extent the allegations of paragraph 106 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 106 and therefore denies them.

107. Nokia admits that paragraph 107 includes excerpts from:

https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-DataSheet.pdf and https://www.nokia.com/blog/how-ai-will-enhance-optical-network-automation/ and https://www.youtube.com/watch?v=m3GB7-iuPoU and https://www.nokia.com/asset/213067/. To the extent the allegations of paragraph 107 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 107 and therefore denies them.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

## COUNT V

([Alleged] Infringement of U.S. Patent No. 10,623,095)

113. Nokia incorporates by reference its responses to all preceding paragraphs as if fully repeated and restated herein.

114. Denied.

115. Denied.

116. Denied.

117. Nokia admits that paragraph 117 purports to reproduce claim 1 of the ’095 Patent, purportedly attached to the Complaint as Exhibit E. Except as expressly admitted, Nokia denies any remaining allegations of paragraph 117.

118. Nokia admits that paragraph 118 includes excerpts from: https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-

DataSheet.pdf and https://documentation.nokia.com/cgi-bin/dbaccessfilename.cgi/3HE15118AAADTQZZA_V1_NSP0Guide.pdf and https://www.nokia.com/optical-networks/1830-pss-psi-l-optical-line-systems/ and https://www.nokia.com/asset/213394/ and https://www.fs.com/eu-en/blog/what-is-oadm-optical-add-drop-multiplexer-907.html and https://www.photonics.com/EDU/optical_channel_monitor/d8385. To the extent the allegations of paragraph 118 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 118 and therefore denies them.

119. Nokia admits that paragraph 119 includes excerpts from: https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-DataSheet.pdf and https://documentation.nokia.com/cgi-bin/dbaccessfilename.cgi/3HE15118AAADTQZZA_V1_NSP0Guide.pdf and https://www.nokia.com/asset/213394/ and https://www.fs.com/eu-en/blog/what-is-oadm-optical-add-drop-multiplexer-907.html and https://resources.l-p.com/glossary/what-is-an-optical-channel-monitor-fiber-optic-networks and https://www.nokia.com/optical-networks/1830-pss-psi-l-optical-line-systems/ and https://documentation.nokia.com/nsp/24-4/Glossary/WTOCM.html and https://www.youtube.com/watch?v=m3GB7-iuPoU. To the extent the allegations of paragraph 119 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 119 and therefore denies them.

120. Nokia admits that paragraph 120 includes excerpts from: https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-

DataSheet.pdf and https://documentation.nokia.com/cgi-bin/dbaccessfilename.cgi/3HE15118AAADTQZZA_V1_NSP0Guide.pdf and https://www.nokia.com/asset/213394/ and https://www.fs.com/eu-en/blog/what-is-oadm-optical-add-drop-multiplexer-907.html and https://resources.l-p.com/glossary/what-is-an-optical-channel-monitor-fiber-optic-networks and https://www.nokia.com/optical-networks/1830-pss-psi-l-optical-line-systems/ and https://medium.com/@swapnilnmahajan/what-is-flex-grid-technology-in-optical-transmission-domain-6edd84f7f983 and https://www.glsun.com/article-p357-what-is-optical-channel-monitor-ocm.html#:~:text=Full-band%20OCMs%20monitor%20the,-long-haul%20optical%20networks. To the extent the allegations of paragraph 120 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 120 and therefore denies them.

121. Nokia admits that paragraph 121 includes excerpts from: https://www.lightspeedt.com/wp-content/uploads/2020/07/LIGHTSPEED-Nokia-1830-DWDM-DataSheet.pdf and https://documentation.nokia.com/cgi-bin/dbaccessfilename.cgi/3HE15118AAADTQZZA_V1_NSP0Guide.pdf and https://www.nokia.com/asset/213394/ and https://www.fs.com/eu-en/blog/what-is-oadm-optical-add-drop-multiplexer-907.html and https://resources.l-p.com/glossary/what-is-an-optical-channel-monitor-fiber-optic-networks and https://www.nokia.com/optical-networks/1830-pss-psi-l-optical-line-systems/ and https://medium.com/@swapnilnmahajan/what-is-flex-grid-technology-in-optical-transmission-domain-6edd84f7f983 and https://www.glsun.com/article-p357-what-is-optical-channel-monitor-ocm.html#:~:text=Full-band%20OCMs%20monitor%20the,-long-haul%20optical%20networks and

https://www.researchgate.net/figure/Gain-switched-optical-spectra-of-a-DM-laser-b-DFB-laser_fig5_321139966. To the extent the allegations of paragraph 121 purport to characterize the contents of certain documents, including websites, the document speaks for itself. Nokia lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 121 and therefore denies them.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

**[PLAINTIFF'S] PRAYER FOR RELIEF**

To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, Nokia denies that Plaintiff is entitled to any of the requested relief and denies any allegations of its Prayer for Relief. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

**ANSWER TO DEMAND FOR JURY TRIAL**

This paragraph sets forth Plaintiff's demand for a trial by jury on all issues so triable to which no response is required.

**JURY TRIAL DEMAND**

Nokia respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**NOKIA'S AFFIRMATIVE DEFENSES**

Upon information and belief, and subject to its responses above, Nokia alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or

acknowledging that Nokia bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Nokia undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Nokia expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

Nokia incorporates by reference the factual background recited *supra* in paragraphs 1 to 126.

**FIRST AFFIRMATIVE DEFENSE**

**(Non-Infringement)**

Nokia does not infringe and has not infringed any of the Patents-in-Suit directly, indirectly, literally, under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of any of the Patents-in-Suit.

**SECOND AFFIRMATIVE DEFENSE**

**(Invalidity)**

The claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116. For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention. Prior art that invalidates the claims of the Patents-in-Suit will be set forth in Nokia's invalidity contentions, amendments, and proposed amendments thereto.

**THIRD AFFIRMATIVE DEFENSE**

**(Statutory Limit on Damages)**

Plaintiff's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.

## FOURTH AFFIRMATIVE DEFENSE

**(No Willful Infringement)**

Plaintiff is not entitled to enhanced or increased damages for willful infringement, under 35 U.S.C. § 284 or otherwise, because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## FIFTH AFFIRMATIVE DEFENSE

**(No Exceptional Case)**

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against Nokia pursuant to 35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE

**(Waiver, Estoppel, Acquiescence, Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, or their remedies limited, by the doctrines of waiver, implied waiver, estoppel, acquiescence, and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel)**

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applications for the Patents-in-Suit.

## EIGHTH AFFIRMATIVE DEFENSE

**(No Injunctive Relief)**

To the extent Plaintiff seeks injunctive relief, Plaintiff's claims for relief are barred in whole or in part because Plaintiff is not entitled to injunctive relief. Any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutory Limitation)**

To the extent certain equipment accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government, Plaintiff's claims involving Nokia with respect to such equipment may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Acts of Others)**

The claims made in the Complaint are barred, in whole or in part, because Nokia is not liable for the acts of others over whom it has no control.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Causation)**

Plaintiff's claims against Nokia are barred because Plaintiff's damages, if any, were not caused by Nokia.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(License, Implied License, Exhaustion)**

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Nokia by any entity or entities having express or implied licenses or covenant not to sue or assert to the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(Patent Misuse)**

Plaintiff's claims are barred, in whole or in part, by the defense of patent misuse.

**<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>**

**(Lack of Standing)**

To the extent that Plaintiff did not, or does not, hold all substantive rights to bring suit and to exclude others from practicing the claims of the Patents-in-Suit, Plaintiff's claims are barred by lack of standing.

**<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>**

**(Ensnarement)**

Plaintiff cannot assert the claims of the Patents-in-Suit under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

**<u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>**

**(Reservation of Defenses)**

Nokia reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future, including (but not limited to) those related to the unenforceability of any claim of the Patents-in-Suit based on inequitable conduct, based on discovery and further factual investigation in this action. Assertion of a defense is not a concession that Nokia has the burden of proving the matter asserted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Reverse Doctrine of Equivalents)**

No relief is available to Radiant because, among other things, use of the accused instrumentalities is substantially different in principle from the purported inventions described in the Asserted Patents, and Radiant cannot sustain its burden of proving otherwise. Under the Reverse Doctrine of Equivalents, Nokia's accused products do not infringe the claims of the Asserted Patents because they are so far changed in principle from the patented articles that, to the extent they perform the same or a similar function, they do so in a substantially different way. If the claims at issue are interpreted so broadly as to read on any accused product, Nokia has not infringed any such claim under the Reverse Doctrine of Equivalents.

## NINETEENTH AFFIRMATIVE DEFENSE

**(Breach of FRAND Obligations)**

Radiant's claims for relief are barred or limited, in whole or in part, by its violation of its FRAND commitment. Any award of damages for actual infringement of the Asserted Patents must be limited to FRAND.

## NOAC'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Nokia of America Corporation ("NoAC") asserts the following Counterclaims against Plaintiff Radiant Patents LLC ("Plaintiff" or "Radiant"):

## THE PARTIES

1. NoAC is a Delaware corporation with a principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974.

2. Upon information and belief, and based on Radiant's allegations in its Complaint, Radiant is a limited-liability company organized and existing under the law of the State of Delaware, with its principal place of business located at 488 Madison Avenue, Suite 1120, New York, New York 10022.

**JURISDICTION AND VENUE**

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Radiant, as Radiant consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Radiant has consented to venue in this Court by bringing this action against NoAC, and thus venue for NoAC's counterclaims is proper in this district, although a different venue may be more convenient.

7. Radiant has filed suit in this Court against NoAC for alleged infringement of one or more claims of each of the Patents-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.* between Radiant, on the one hand, and NoAC, on the other, concerning the alleged infringement by NoAC of the Patents-in-Suit.

8. NoAC denies that it directly or indirectly infringes any valid and enforceable claim of the Patents-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patents-in-Suit.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT (U.S. PATENT NO. 10,924,188)

9. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

10. Radiant alleges that NoAC has infringed and continues to infringe at least claim 1 of the ’188 Patent under 35 U.S.C. § 271(a).

11. NoAC denies that it infringes any valid claim of the ’188 Patent.

12. NoAC does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the ’188 Patent, including but not limited to claim 1, at least because NoAC does not make, use, sell, or offer to sell any product, platform, or service that includes or practices, the following exemplary limitations: “an encoder configured to encode input digital signals by one of a plurality of encoding methods and output the encoded digital signals”; and “a controller configured to identify an encoding method corresponding to optical transmission attributes of an optical carrier wave and set drive signals to modulate the optical carrier wave”; and “a mapper configured to map the encoded digital signals to symbol signals and output the mapped signals”; and “an optical modulator configured to modulate the optical carrier wave based on the mapped signals.”

13. For these, and other reasons to be established through discovery, NoAC denies that it infringes any valid claim of the ’188 Patent.

14. There is an actual and justiciable controversy between Radiant and NoAC arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Radiant’s allegations that NoAC infringes the ’188 Patent.

15. NoAC is entitled to a judicial declaration that it has not and does not infringe

directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’188 Patent.

16. Absent a declaration that NoAC does not infringe the ’188 Patent, Radiant will continue to wrongfully assert the ’188 Patent against NoAC and thereby cause NoAC irreparable harm and injury.

**SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT (U.S. PATENT NO. 10,361,789)**

17. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

18. Radiant alleges that NoAC has infringed and continues to infringe at least claim 1 of the ’789 Patent under 35 U.S.C. § 271(a).

19. NoAC denies that it infringes any valid claim of the ’789 Patent.

20. NoAC does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the ’789 Patent, including but not limited to claim 1, at least because NoAC does not make, use, sell, or offer to sell any product, platform, or service that includes or practices, the following exemplary limitations: “an encoder configured to encode input digital signals by one of a plurality of encoding methods and output encoded digital signals”; and “a controller configured to identify an encoding method from among encoding methods depending on optical transmission attributes of the digital signals using an optical carrier wave”; and “a mapper configured to map the encoded digital signals to modulation symbols and output mapped signals”; and “an optical modulator configured to modulate the optical carrier wave by using the mapped signals.”

21. For these, and other reasons to be established through discovery, NoAC denies that it infringes any valid claim of the ’789 Patent.

22. There is an actual and justiciable controversy between Radiant and NoAC arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Radiant's allegations that NoAC infringes the '789 Patent.

23. NoAC is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '789 Patent.

24. Absent a declaration that NoAC does not infringe the '789 Patent, Radiant will continue to wrongfully assert the '789 Patent against NoAC and thereby cause NoAC irreparable harm and injury.

**THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT (U.S. PATENT NO. 10,404,366)**

25. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

26. Radiant alleges that NoAC has infringed and continues to infringe at least claim 1 of the '366 Patent under 35 U.S.C. § 271(a).

27. NoAC denies that it infringes any valid claim of the '366 Patent.

28. NoAC does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '366 Patent, including but not limited to claim 1, at least because NoAC does not make, use, sell, or offer to sell any product, platform, or service that includes or practices, the following exemplary limitations: "a wavelength multiplexer configured to output a multiplexed optical signal"; and "a monitor configured to monitor an intensity of an optical signal in the multiplexed optical signal"; and "a controller configured to control a dummy light based on the monitored intensity and at least one of a plurality of threshold values, the plurality of threshold values including different threshold values assigned to different

wavelength bands."

29. For these, and other reasons to be established through discovery, NoAC denies that it infringes any valid claim of the '366 Patent.

30. There is an actual and justiciable controversy between Radiant and NoAC arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Radiant's allegations that NoAC infringes the '366 Patent.

31. NoAC is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '366 Patent.

32. Absent a declaration that NoAC does not infringe the '366 Patent, Radiant will continue to wrongfully assert the '366 Patent against NoAC and thereby cause NoAC irreparable harm and injury.

**FOURTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT**
**(U.S. PATENT NO. 11,431,431)**

33. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

34. Radiant alleges that NoAC has infringed and continues to infringe at least claim 1 of the '431 Patent under 35 U.S.C. § 271(a).

35. NoAC denies that it infringes any valid claim of the '431 Patent.

36. NoAC does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the '431 Patent, including but not limited to claim 1, at least because NoAC does not make, use, sell, or offer to sell any product, platform, or service that includes or practices, the following exemplary limitations: "a demultiplexer configured to demulitplex a wavelength multiplexed signal into a plurality of optical signals"; and "an attenuator

configured to attenuate one of the plurality of optical signals, the attenuated optical signal being sent to an optical device connected to the optical communications apparatus"; and "a controller configured to receive a connection information on a connected target and send, to the attenuator, an attenuation amount according to the received connection information"; and "wherein the controller sends the attenuation amount corresponding to a first optical device when the connected target of the received connection information is the first optical device, and sends the attenuation amount corresponding to a second optical device when the connected target of the received connection information is the second optical device."

37. For these, and other reasons to be established through discovery, NoAC denies that it infringes any valid claim of the '431 Patent.

38. There is an actual and justiciable controversy between Radiant and NoAC arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Radiant's allegations that NoAC infringes the '431 Patent.

39. NoAC is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '431 Patent.

40. Absent a declaration that NoAC does not infringe the '431 Patent, Radiant will continue to wrongfully assert the '431 Patent against NoAC and thereby cause NoAC irreparable harm and injury.

## FIFTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT (U.S. PATENT NO. 10,623,095)

41. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

42. Radiant alleges that NoAC has infringed and continues to infringe at least claim

1 of the ’095 Patent under 35 U.S.C. § 271(a).

43. NoAC denies that it infringes any valid claim of the ’095 Patent.

44. NoAC does not make, use, sell, or offer to sell any product, platform, or service that practices every element of any claim of the ’095 Patent, including but not limited to claim 1, at least because NoAC does not make, use, sell, or offer to sell any product, platform, or service that includes or practices, the following exemplary limitations: “an optical channel monitor configured to measure a plurality of optical intensity values of a multiplexed signal at a sampling interval, the multiplexed signal including a first optical signal having a first frequency width and a second optical signal having a second frequency width”; and “a controller configured to: identify first sampling points corresponding to the first optical signal and second sampling points corresponding to the second optical signal; and identify first intensity values corresponding to the first optical signal and second intensity values corresponding to the second optical signal from the plurality of measured optical intensity values, the first intensity values being identified based on the first sampling points and the second intensity values being identified based on the second sampling points.”

45. For these, and other reasons to be established through discovery, NoAC denies that it infringes any valid claim of the ’095 Patent.

46. There is an actual and justiciable controversy between Radiant and NoAC arising under the Patent Act, 35 U.S.C. §§ 1, *et. seq.*, concerning Radiant’s allegations that NoAC infringes the ’095 Patent.

47. NoAC is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the ’095 Patent.

48. Absent a declaration that NoAC does not infringe the '095 Patent, Radiant will continue to wrongfully assert the '095 Patent against NoAC and thereby cause NoAC irreparable harm and injury.

**<u>SIXTH COUNTERCLAIM – DECLARATION OF INVALIDITY</u>**
**<u>(U.S. PATENT NO. 10,924,188)</u>**

49. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

50. An actual case or controversy exists between NoAC and Radiant as to whether the '188 Patent is invalid.

51. Each claim of the '188 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§102, 103, and/or 112.

52. A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '188 Patent is invalid.

53. This is an exceptional case under 35 U.S.C. § 285 because Radiant filed its Complaint with knowledge of the facts stated in this Counterclaim.

**<u>SEVENTH COUNTERCLAIM – DECLARATION OF INVALIDITY</u>**
**<u>(U.S. PATENT NO. 10,361,789)</u>**

54. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

55. An actual case or controversy exists between NoAC and Radiant as to whether the '789 Patent is invalid.

56. Each claim of the '789 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§102, 103, and/or 112.

57. A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the ’789 Patent is invalid.

58. This is an exceptional case under 35 U.S.C. § 285 because Radiant filed its Complaint with knowledge of the facts stated in this Counterclaim.

**EIGHTH COUNTERCLAIM – DECLARATION OF INVALIDITY**
**(U.S. PATENT NO. 10,404,366)**

59. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

60. An actual case or controversy exists between NoAC and Radiant as to whether the ’366 Patent is invalid.

61. Each claim of the ’366 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§102, 103, and/or 112.

62. A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the ’366 Patent is invalid.

63. This is an exceptional case under 35 U.S.C. § 285 because Radiant filed its Complaint with knowledge of the facts stated in this Counterclaim.

**NINTH COUNTERCLAIM – DECLARATION OF INVALIDITY**
**(U.S. PATENT NO. 11,431,431)**

64. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

65. An actual case or controversy exists between NoAC and Radiant as to whether the ’431 Patent is invalid.

66. Each claim of the ’431 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including,

without limitation, 35 U.S.C. §§102, 103, and/or 112.

67. A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '431 Patent is invalid.

68. This is an exceptional case under 35 U.S.C. § 285 because Radiant filed its Complaint with knowledge of the facts stated in this Counterclaim.

**TENTH COUNTERCLAIM – DECLARATION OF INVALIDITY (U.S. PATENT NO. 10,623,095)**

69. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

70. An actual case or controversy exists between NoAC and Radiant as to whether the '095 Patent is invalid.

71. Each claim of the '095 Patent is invalid because the patents and the alleged inventions therein fail to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, 35 U.S.C. §§102, 103, and/or 112.

72. A judicial declaration is necessary and appropriate so that NoAC may ascertain its rights as to whether the '095 Patent is invalid.

73. This is an exceptional case under 35 U.S.C. § 285 because Radiant filed its Complaint with knowledge of the facts stated in this Counterclaim.

**ELEVENTH COUNTERCLAIM – BREACH OF FRAND OBLIGATION**

74. NoAC re-alleges and incorporates by reference, as if fully set forth herein, all preceding paragraphs above.

75. Radiant contends that it owns and/or has the right to license patents that, under Radiant's infringement contentions, cover optical products with probabilistic constellation shaping ("PCS") functionality.

76. Radiant contends that the Accused Products' implementation of PCS infringes the '188 and '789 Patents.

77. For example, Radiant contends that Nokia's ICE-X product, and in particular its implementation of PCS, infringes the '188 and '789 Patents.

78. Under Radiant's infringement theory, the '188 and '789 Patents are standard essential patents to OpenROADM specifications or standards, including at least Open ROADM MSA 6.0 W B400G Port Digital Specification (400G-800G) and its standardization of PCS because Accused Products cannot implement MSA 6.0 without infringing the '188 and '789 Patents.

79. NEC Corporation ("NEC") is the original assignee of the Asserted Patents.

80. NEC has been an OpenROADM member since at least March 13, 2022.

81. NEC made contractual FRAND commitments to OpenROADM and its members.

82. For example, NEC agreed to the following in Section 5.1 of the operating agreement between members of OpenROADM:

> Each Member shall assure in writing, by this Agreement, that it (or its applicable Affiliate) will negotiate and grant patent licenses to all Essential Claims on Fair, Reasonable and Non-Discriminatory (FRAND) terms with reciprocity to make and use a product compliant with the Specification.

83. As another example, NEC agreed to Section 6.2 of the operating agreement, which states:

> [E]ach of the Members that may be a holder of Essential Claims agrees to offer and negotiate non-exclusive patent licenses for the mandatory and necessary features of compliant implementations of the Specification on Fair, Reasonable and Non-Discriminatory (FRAND) terms and conditions to other Members, provided that the Member seeking a license also offers a reciprocal license to its Essential Claims to the licensing Member on FRAND terms and conditions.

84. As another example, NEC agreed to the intellectual property disclosure in Open

ROADM MSA 6.0 W B400G Port Digital Specification (400G-800G).

85. The OpenROADM MSA defines "Essential Claims" as "those claims of all patents which are mandatory and necessarily infringed by an implementation of a version of the Specification, where such infringement could not have been avoided by another commercially and technically feasible non-infringing alternative implementation of such Specification."

86. NoAC, or its predecessor, has been a member of OpenROADM since at least March 21, 2016.

87. NoAC is therefore a direct and intended beneficiary to NEC's FRAND commitment and is entitled to enforce NEC's FRAND commitment.

88. Upon information and belief, Radiant (formerly known as PLS XLIV LLC) purchased the Asserted Patents, and all associated rights and encumbrances, from IP Wave PTE Ltd. Upon information and belief, IP Wave PTE Ltd. purchased the Asserted Patents, and all associated rights and encumbrances, from NEC Asia Pacific PTE Ltd. Upon information and belief, NEC Asia Pacific PTE Ltd. purchased the Asserted Patents, and all associated rights and encumbrances, from NEC.

89. NEC's FRAND commitments related to the Asserted Patents and the OpenROADM MSA conveyed with each transfer of rights in the Asserted Patents.

90. Radiant is obligated to comply with the FRAND commitment entered into by NEC in relation to the Asserted Patents and the OpenROADM specifications or standards.

91. Prior to filing this Complaint and during the pendency of this lawsuit, Radiant failed to commence licensing negotiations with NoAC for the Asserted Patents and offer to license the Asserted Patents on terms that are fair, reasonable, and non-discriminatory.

92. Radiant's failure to offer, or negotiate towards, a license on FRAND terms

constitutes a violation of the FRAND commitment and a breach of contract.

93. NoAC has suffered harm as a result of Radiant's breach of FRAND. For example, NoAC has been unable to obtain a license from Radiant on FRAND terms and has had to defend against claims that its products infringe the Asserted Patents.

## RESERVATIONS

NoAC reserves the right to supplement and/or amend its defenses and/or counterclaims as discovery proceeds in this case.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, NoAC respectfully demands a trial by jury on all issues so triable in this action.

## REQUEST FOR RELIEF

NoAC respectfully requests that this Court enter judgment as follows:

1. A judgment dismissing Radiant's Complaint against NoAC with prejudice;
2. A judgment in favor of NoAC on all of its Defenses;
3. A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Radiant;
4. A judgment in favor of NoAC on its Counterclaims;
5. A judgment that NoAC has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of any of the Patents-in-Suit;
6. A judgment that Radiant has violated their FRAND commitment;
7. An order prohibiting Radiant, or anyone in active concert with Radiant, from enforcing the Asserted Patents due to their failure to comply with the FRAND commitment;

8. An order that Radiant must offer a license upon terms that comply with FRAND;

9. A judgment that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that NoAC is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

10. An award to NoAC of its fees and expenses of litigation, including but not limited to attorneys' fees and costs;

11. A judgment limiting or barring Radiant's ability to enforce the Patents-in-Suit in equity;

12. Such other and further relief as this Court may deem just and proper.

Dated: October 21, 2026

Respectfully submitted,

By: /s/ M. Scott Stevens

Deron R. Dacus (TX Bar No. 00790553)
**THE DACUS FIRM**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com

M. Scott Stevens (NC Bar No. 37828)
Stephen R. Lareau (NC Bar No. 42992)
Matthew M. Welch (NC Bar No. 55032)
Mary I. Riolo (NC Bar No. 59644)
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com
stephen.lareau@alston.com
matthew.welch@alston.com
mary.riolo@alston.com

*Attorneys for Defendants Nokia Corporation and Nokia of America Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on October 21, 2026, via the Court's CM/ECF system.

/s/ *M. Scott Stevens*
M. Scott Stevens (NC Bar No. 37828)
**ALSTON & BIRD LLP**
Vantage South End
1120 South Tryon Street, Suite 300
Charlotte, NC 28203
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
scott.stevens@alston.com

*Attorney for Defendants Nokia Corporation and Nokia of America Corporation*